**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Jennifer Ruth,**

        *Plaintiffs*,

v.                                                                           Case No. 3:04-cv-332
                                                                          Judge Thomas M. Rose

**Comcast Corporation,** *et al.*,

        *Defendants*.

---

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION TO AWARD INTEREST AND ATTORNEYS' FEES.** (DOC. 11).

---

      Pending before the Court is Plaintiff's Motion to Award Interest and Attorneys' Fees.[1] The instant case stems from a complaint alleging wrongful denial of disability benefits under E.R.I.S.A., 29 U.S.C. § 1132(a). Doc. 1. Defendant denied the allegations, asserting that Plaintiff was not entitled to the benefits she sought. Doc. 3. When it came time for Defendant to supply the Court with a copy of the administrative record in the case, however, it discovered that it had none. The parties jointly agreed to stay the action and recreate an administrative record. Doc. 6. This exercise resulted in Defendant agreeing that Plaintiff deserved the benefits she sought and a payment of attorney's fees for the efforts Plaintiff undertook from the time of filing the complaint to the order

---

[1] Plaintiffs request "attorneys' fees," although the statute pursuant to which they request recompense speaks of "attorney's fees." Cf. Doc. 11, at 1, and 29 U.S.C. § 1132(g). The Sixth Circuit has addressed the thorny question of the proper spelling of this phrase, but, unfortunately, has not spoken with consistency on the point. Cf. *Stallworth v. Greater Cleveland Reg'l Transit Auth.,* 105 F.3d 252 n.1 (6th Cir. 1997) (deciding to follow the spelling utilized in the statute); and *Ridder v. City of Springfield*, 109 F.3d 288, 290 n.1 (6th Cir. 1997) (rejecting "attorneys' fees" as utilized in the statute they were interpreting, 28 U.S.C. § 1927, in favor of "attorney fees," as used in *Stallworth*). Sixth Circuit Rule 206(c) implies that *Stallworth* would control. This Court will follow *Stallworth*, including its further implication that variations be left unchanged when quoting other sources.

staying the case to recreate the administrative record. All that remains for the Court to decide is Plaintiff's entitlement to attorney's fees and prejudgment interest. Plaintiff seeks payment of attorneys' fees from the time of the remand to the present. Plaintiff also seeks interest on the back disability payments dating from October 2001 to February 2006, totaling $1,456.17 (plus interest accrued in the interim), attorneys' fees of $5,523.25, and expenses totaling $620.22.

**I.       Background**

Plaintiff Jennifer Ruth was an employee of MediaOne Group, Inc. when blindness rendered her disabled in 1999. At that time, Plaintiff was a participant in the MediaOne Modified Disability Pension Plan ("Plan"), an employee benefit plan as defined by 29 U.S.C. § 1002(3) and 29 U.S.C. § 1140. MediaOne initially paid disability benefits to Plaintiff.

Eventually, AT&T Broadband acquired MediaOne Group. Thereafter, the MediaOne plan was merged into the AT&T Broadband's plan. AT&T Broadband was the plan sponsor of the plan and also apparently served as claims administrator. On September 26, 2001, AT&T Broadband determined Plaintiff was no longer entitled to benefit payments. According to correspondence provided by Plaintiff to Comcast, AT&T Broadband's initial decision was based on the following reasoning:

> Employees must follow the recommended treatment plan, and your treatment plan requires continuing care. You did not follow through on the treatment recommendations of your provider (and/or Health Services). (Section 4.1.a).

When Plaintiff appealed, AT&T Broadband affirmed its decision on December 12, 2001, stating:

> Employees must follow the recommended treatment plan, and your treatment plan requires continuing care. You did not follow through on the treatment recommendations of your provider (and/or Health Services). (Section 4.1.d)
>
> Medical information was received and, although it provided objective findings, those findings are insufficient to substantiate the inability to perform the normal duties of your regular job or other job duties in a modified capacity. (Section 4:1.e)

No one contest, however, that Plaintiff remained totally blind in one eye and 75% blind in the other.

In November of 2002, Comcast acquired AT&T Broadband and as part of that acquisition, became responsible for the disability benefits under the AT&T Broadband Plan.

On September 14, 2004, Plaintiff filed the instant action, challenging the denial of benefits. During the district court proceedings, Defendants were unable to locate files pertaining to Plaintiff's benefit request. The parties agreed to have Plaintiff to reassert her claims under the terms of the Plan in effect at the time of the initial decision and to conduct a new review of her claim. Plaintiff resubmitted evidence related to her claim for review at the hearing, and Defendants paid Plaintiff's counsel $5,000 for attorneys' fees incurred by Plaintiff in connection with the proceedings. This resulted in the Court's April 18, 2005 Agreed Order remanding the case to the administrative level for further proceedings. Eventually, the Plan Administrator determined that Plaintiff was entitled to benefits for the entire time period at issue.

However, Defendants continued to refuse to pay the back benefits until Plaintiff executed a release. This led to further discussions between counsel for the parties as to how to resolve the matter. On December 1, 2005, the parties issued a Status Report to the Court stating that Defendant's had determined that Plaintiff was eligible for and should have received long term disability benefits pursuant to applicable Plan provisions from October, 2001 to the present, and continuing. The parties requested the Court to schedule a telephone status conference for the purpose of returning the case to this Court for further proceedings concerning payment of past due benefits, attorneys' fees, and interest due.

On January 20, 2006 a conference call was conducted with the Court which resulted in an agreement whereby Defendants were to pay Plaintiff all of her unpaid disability benefits. An Agreed Order was approved by the Court on February 13, 2006, directing Defendants to pay $11,620.25 to Plaintiff for back benefits owed to her. Furthermore, the Agreed Order stated that beginning on March 1, 2006, Defendants would pay Plaintiff her regular monthly benefit of $219.25 per month, based upon the conclusion that Plaintiff has been and continues to be disabled, and is therefore eligible for benefits in accordance with applicable Plan documents. Finally, the Agreed Order provided that Plaintiff's counsel had until February 20, 2006 to file a motion seeking payment of interest and attorneys' fees in connection with this matter.

**II.     Attorney's Fees**

ERISA does provide for the possibility of attorney's fees and costs:

>(g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
>(1) In any action under this subchapter (other than an action described in paragraph (2) [involving actions by fiduciaries on behalf of the plan]) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C.A. § 1132(g). As a threshold matter, the Court notes that the statute does not limit the availability of an award of attorney's fees to a "prevailing party." Cf. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 600, 121 S. Ct. 1835, 1838 (2001) ("Numerous federal statutes allow courts to award attorney's fees and costs to the "prevailing party." The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.").

Another threshold question is whether a Plaintiff may recover fees for efforts made in administrative hearings. The Sixth Circuit has ruled that an ERISA beneficiary may not prevail on a request for attorney fees for efforts appealing an ERISA administrator's decision to a Plan appellate committee. *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 453 (6th Cir. 2000) ("Because Anderson did not file a civil action for any of the reasons set forth in § 1132(a), but filed suit only to recover attorneys' fees for legal work performed during her administrative claims proceeding, we find that § 1132(g) does not permit her to recover her costs."). The instant case, of course, is distinct in that Plaintiff *did* file an action to enforce her rights under 29 U.S.C. § 1132(a). Defendant responded with an answer, doc. 3, that continued to deny liability. The instant request for attorney fees, moreover, involves a second run through the administrative process necessitated when Defendant needed to file a copy of the administrative record in the case and Defendant discovered that it had failed in its duty to maintain such records. This is not the administrative process Plaintiff was required to exhaust, rather Plaintiff agreed to resubmit herself to the administrative claims process, so as to create a record for the Court to review. In short, this is not a case where litigation was stayed to allow a Plaintiff to exhaust her administrative remedies, it is

a case where Plaintiff agreed to stay the case and repeat the administrative process so as to allow the litigation to proceed.

With these factors in mind, the Court turns to the factors established by the Sixth Circuit for guiding this Court's discretion in determining requests for attorney's fees in an ERISA case. In determining whether to award attorney's fees and costs, the Sixth Circuit has adopted a five-factor test where it examines:

> 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions.

See *Hoover v. Provident Life and Acc. Ins. Co.*, 290 F.3d 801, 809 (6th Cir. 2002). The Court has "broad discretion" in awarding attorney's fees and costs; all five factors need not be met. See *id.* No single factor is determinative. Rather, the Court considers each factor before exercising its discretion. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). There is no presumption that attorney's fees should ordinarily be awarded to a prevailing plaintiff. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 936 (6th Cir. 1996).

**A.      The Degree of the Opposing Party's Culpability or Bad Faith**

In the instant case, there is no evidence of bad faith on Defendant's part. While Defendant lost the administrative record that might have revealed such, Plaintiff does not make any accusation of bad faith in denying her claim.

**B.      The Opposing Party's Ability to Satisfy an Award of Attorney's Fees**

Defendant admits that the Plan has the assets to satisfy Plaintiff's fee request.

**C.       The Deterrent Effect of an Award on Other Persons under Similar Circumstances**

Defendant asserts that fees should not be awarded, as this would remove a significant incentive for plans to voluntarily agree to reconsider claims in administrative processes, rather than court. The Court distinguishes the instant case from the regular case where a plan reconsiders a denial of benefits, however. Plaintiff is not requesting fees for her initial pre-litigation exhaustion of her administrative remedies. Moreover, Defendant is already rewarded for reconsidering its position, in that the efforts required of Plaintiff to vindicate her position, and the concomitant

attorney's fees, are less than they would have been had Defendant persisted in an untenable position. An award in this situation would deter other plans from failing to maintain the records necessary for judicial review of their decisions. To the degree that Defendant has reduced the costs necessary to vindicate Plaintiff's position, Defendant benefits from a reduced award of attorney fees. To quote Cicero, "Virtue is its own reward."

**D.     Whether the Party Requesting Fees Sought to Confer a Common Benefit on All Participants and Beneficiaries of an Erisa Plan or Resolve Significant Legal Questions Regarding ERISA**

This factor does not favor either party.

**E.     The Relative Merits of the Parties' Positions**

While this question has not been fully litigated, the Court finds Plaintiff's position to have considerably greater merit. She is blind in one eye, and 75% blind in the other. Defendant ceased disability payments because Plaintiff missed some therapy appointments but had no evidence she had recovered from her disability. Upon Court-ordered review, Defendant agreed to reinstate payments. The Court finds Plaintiff to inhabit a more meritorious position.

Because three of the five factors favor Plaintiff, and none favor defendant, the Court will award attorney's fees in the amount of $5,523.25 and costs in the amount of $620.22.[2]

**III.    Pre-Judgment Interest**

Although ERISA does not mandate the award of prejudgment interest to prevailing plan participants, district courts have the discretion to award prejudgment interest in accordance with general equitable principles. *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 585 (6th Cir. 2002) (citing *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998)). An award of prejudgment interest serves to compensate the beneficiary for the lost interest value of money wrongly withheld from him or her. *Hoover v. Provident Life and Acc. Ins. Co.*, 290 F.3d 801, 810 (6th Cir. 2002). Given the public policy behind ERISA, participants of ERISA benefit plans generally have a right to prejudgment interest when the plan administrator wrongfully withholds benefits. *Wells v. United States Steel, Carnegie Pension Fund*, 76 F.3d 731, 737 (6th Cir. 1996).

---

[2] Defendant did not contest the proposed amounts.

The Court sees no reason to deny interest to Plaintiff, this is the only way to make Plaintiff whole. Defendant requests that the Court deny interest to Plaintiff, as a manner of punishing Plaintiff for not filing her claim immediately upon denial. The Court, however, perceives a denial of prejudgment interest as potentially rewarding the plan with the interest accrued on the benefits wrongfully withheld from Plaintiff.

## IV.    Conclusion

For the reasons stated herein, Plaintiffs' Motion for Attorney's Fees, Doc. 11, is **GRANTED.** Plaintiff is granted 30 days to submit a draft proposed judgment entry reflecting accrued interest to date.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, September 26, 2006.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE